**FERBER, Admr et v BOARD OF TRUSTEES OF BERLIN TWP**

Ohio Appeals, 6th Dist, Erie Co

No 408. Decided May 15, 1933

Young & Young, Norwalk, and Mooney, Bibbee & Edmunds, Columbus, for plaintiffs in error.

Alvin F. Weichel, Prosecuting Attorney, Sandusky, and Hertlein & Schwer, Sandusky, for defendant in error.

WILLIAMS, J.

It appears from the petition that the road roller involved was purchased by the township trustees for use in the building and maintaining of public roads in Berlin Township. §3298-17, GC, which was in force at the time, provides as follows:

"Each Board of Township Trustees shall be liable, in its official capacity, for damages received by any person, firm or corporation, by reason of the negligence or carelessness of said Board of Trustees in the discharge of its official duties."

Defendant in error contends that the words "official duties" as used in this section should be construed to mean only duties imposed upon the Board of .Township Trustees by the laws relating to highways. If we assume that this contention is correct, we are nevertheless of the opinion that the allegations of the petition gave

rise to an inference that, at the time the fire was communicated from the engine to the buildings and set them on fire, as the allegations of the petition set forth, the road roller was being used for the purpose for which it was purchased, that is to say "in the building and maintaining of the public roads in said township." In this connection the plaintiff is aided by the presumption that the board of trustees was at the time in question performing its official duties in connection with the operation of the road roller and legitimately using it for the purposes for which it was acquired. The petition further alleges that at the time defendant, through its duly constituted agent and employee, who was engaged upon the business of the defendant and acting within the scope of his employment as such agent, caused the traction engine to pass along the highway in front of the barn of plaintiff and so negligently operated and maintained said engine that sparks were emitted therefrom setting the barn on fire and causing the damages as specified in the petition. The petition then specifically sets out the alleged grounds of negligence. If the defendant in error was driving its own road roller upon the highway on its own business in its own township, how can it be said without further explanation that it was not being used for highway or road purposes, or for some purpose necessarily incident thereto? A board of township trustees has little use for a road roller except in making and maintaining roads.

Giving the petition, the amendment thereto and the cross-petition a liberal construction as required by the Code of Civil Procedure, a good cause of action was stated in favor of the plaintiff and of the cross-petitioners. The judgment of the court below will therefore be reversed and the cause remanded for a new trial.

Reversed and remanded.

RICHARDS and LLOYD, JJ, concur.