BERRY, APPELLANT, *v.* MICHAEL ET AL., BD. OF TWP. TRUSTEES OF SCOTT TWP., APPELLEES.

(No. 387—Decided May 5, 1941.)

*Messrs. Ludwig & Busick,* for appellant.
*Mr. Alexander L. Hyzer,* prosecuting attorney, for appellees.

LLOYD, J. A demurrer to the petition of the plaintiff, Mollie J. Berry, having been sustained by the Court of Common Pleas, she filed an amended petition,

to which also a demurrer was sustained, followed by a judgment in favor of the defendants. From this judgment the plaintiff now appeals to this court on questions of law.

The amended petition alleges that the defendants, G. J. Michael, O. K. Swainsgood and E. E. Brown, are the duly elected, qualified and acting Board of Township Trustees in and for Scott township, Sandusky county, Ohio; that Chestnut Ridge Cemetery, located in Scott township, is, and for more than a century has been, a public burying ground under the supervision and control of the Board of Township Trustees of Scott township; that the plaintiff continuously since March 16, 1918, has been the owner of lot No. 164 therein, in which her husband, who died March 15, 1918, was interred; "that as near as she has been able to ascertain, at some time during the month of February in the year 1939, without her knowledge or consent or the consent of any of her immediate family, the defendant board of township trustees entered upon the cemetery lot hereinbefore named, so purchased and owned by said plaintiff, and carelessly, recklessly and illegally disinterred the remains of her deceased husband and removed the same to some unknown place without the knowledge or consent of this plaintiff"; and that by the "carelessly, reckless, merciless, and wrongful acts of the defendant board of township trustees in so breaking into the grave of her deceased husband and so removing his remains" she has suffered "untold mental anguish and humiliation."

In the petition it is also alleged as a second cause of action that the defendant board, without the consent or knowledge of the plaintiff, recklessly and carelessly entered upon her cemetery lot "and dug up

the earth and soil and carted the same away.'' The prayer of the petition is for a judgment against the defendant board in the sum of $6,000.

The petition is obviously deficient in the statement of facts necessary to constitute a cause of action. No facts are alleged therein from which it can be inferred that the board was engaged in the discharge of any official duty which, to create a cause of action, it is essential to allege. If, as stated in briefs of counsel, the fact is that the board removed the body incident to the establishment of a driveway through the cemetery, then it was engaged in the discharge of an official duty and if this fact were alleged in appropriate language in conjunction with the other facts alleged in the amended petition, it would state a cause of action. Section 3298-17, General Code; *Ferber, Admr.,* v. *Bd. of Trustees of Berlin Twp.,* 47 Ohio App., 449, 191 N. E., 444.

The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

OVERMYER and CARPENTER, JJ., concur.